OPINION
{¶ 1} Plaintiff-appellant Bethany M. Hampton ("Bethany") brings this appeal from the judgment of the Court of Common Pleas of Union County, Domestic Relations Division, granting her motion for divorce from defendant-appellee Cary D. Hampton ("Cary") and ordering a property division.
 {¶ 2} On November 9, 2002, Bethany and Cary were married. One child, Emma, was born on February 11, 2005. On March 21, 2006, Bethany filed a complaint for divorce claiming incompatibility. Cary filed his answer and counterclaim for divorce claiming incompatibility as well. The parties attended several mediation sessions in an attempt to agree on the issues in the divorce. On July 19 and August 11, 2006, the matter proceeded to trial before the magistrate. The magistrate issued her decision on August 17, 2006. Bethany filed objections to the magistrate's decisions on August 29, 2006. On August 30, 2006, the trial court overruled the objections in part, affirmed the objections in part, and modified the magistrate's decision in part. On October 16, 2006, the trial court entered its judgment entry of divorce. Bethany appeals from this judgment and raises the following assignments of error.
 The trial court abused its discretion when it entered judgment in Article 2, Section 2 ordering [Bethany's] premarital vehicle sold at auction and the proceeds or deficit divided equally between the parties, when the evidence showed that the parties had *Page 3 agreed prior to trial that [Bethany] would use, maintain and be responsible for the costs of her own premarital vehicle and [Cary] would use, maintain and be responsible for the costs for the vehicle acquired during the marriage and driven by him.
 The trial court's entry of judgment in Article 2, Section 4 regarding the equal division of the marital residence (and its outstanding indebtedness) by "short sale," and its failure to address the issue of marital residence occupancy rights when the temporary orders gave each party the right to live in the house on a week on/week off basis with the minor child and [Bethany] requested at trial that the issue be addressed, led to an inequitable result in that a short sale may not succeed, and [Bethany], through responsible for one-half of the mortgage and all expenses does not live at the residence.
 The trial court's entry of judgment in Article 2, Section 6 ordering that the MBNA credit card debt of $18,641.00 be divided between the parties led to an inequitable result in that the court ALSO ordered the parties in Article 2, Section 8 to pay their own medical bills and there was evidence presented at trial that [Cary] put medical expenses of $3,780.00 on the MBNA credit card for lasik eye surgery.
 The trial court's judgment in Article 2, Section 9 declaring the disputed $10,000.00 a gift from [Bethany's] parents was against the manifest weight of the evidence where the testimony of both [Bethany] and her mother show that the amount in question was a loan intended to be repaid by both parties.
 {¶ 3} In the first assignment of error, Bethany claims that the trial court erred in ordering her premarital property sold at auction and the proceeds divided between the parties even though the parties had reached an agreement as to the division of the vehicles. This court notes initially that Bethany failed to raise the issue of her vehicle in her objections to the magistrate's decision. Thus, the *Page 4 
matter cannot be raised for the first time here. Civ.R. 53(E)(3)(d). However, this court also notes that the trial court failed to comply with the statute as to the property division in a divorce. This court therefore, will review the issue of property division under a plain error standard.
 {¶ 4} A review of R.C. 3105.17.1 provides in pertinent part as follows.
 (3)(a) "Marital property" means, subject to division (A)(3)(b) of this section, all of the following:
 (i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 (ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 (iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
 * * *
 (b) "Marital property" does not include any separate property.
 * * *
 (6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 (i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage; *Page 5 
 (ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage.
 * * *
 (B) In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate
 * * *
 (D) Except as otherwise provided in division (E) of this section or by another provision of this section, the court shall disburse a spouse's separate property to that spouse. If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse.
R.C. 3105.17.1 In this case, Bethany's automobile was purchased prior to the marriage. Thus she had some sort of interest in the vehicle prior to the marriage, which makes that interest, whatever it was, separate property. The trial court failed to consider her separate property interest in any manner. In fact, the trial court engaged in the following dialogue concerning the property.
 The Court: Well, you know what? It's real simple. We're just going to sell it all at auction by Danny Westlake, and it has to be done by October the first. That will give Mr. Westlake enough time to get it into his schedule. We'll sell all of the personal property and we'll split the net proceeds. That takes care of that.
 Mrs. Hampton: Including premarital, Your Honor? *Page 6 
 The Court: Pardon?
 Mrs. Hampton: We'll be selling our premarital things as well, Your Honor?
 The Court: Everything.
 Mrs. Hampton: Okay.
 The Court: You couldn't agree on anything, so it all gets sold.
Tr. 6-7.[1] Rather than complying with the mandate of the statute to make a determination concerning what was marital property and what was separate property, the trial court ordered all of it sold and the net proceeds split. No findings of fact were made concerning why the trial court made this order or what factors it considered. This is in clear violation of the statute and is thus plain error. For this reason, the first assignment of error is sustained concerning the trial court's failure to determine the value of the separate property interest.
 {¶ 5} Bethany next claims that the trial court erred in ordering the short sale of the house without providing for any alternatives should the short sale fail and without providing for occupancy rights. A review of the record indicates that both parties currently have the right to remain in the home. The trial court specifically granted ownership to both parties and ordered the short sale. Thus, *Page 7 
both parties currently have the right to live there. The trial court did not abuse its discretion in entering this judgment. Any problems that have arisen post decree can be addressed in a civil rule 60(B) motion requesting relief from judgment. The second assignment of error is overruled.
 {¶ 6} The third assignment of error raises the question of who is required to pay Cary's medical expenses of $3,780.00 for lasik eye surgery that was placed on the MBNA credit card. The order requires the parties to evenly split the credit card debt and also requires each party to pay their own medical expenses. Cary testified that he had placed the surgery on the MBNA credit card and had received money from his medical savings account to pay for it. He claims that he paid the amount received to the credit card. Tr. 147. Given this evidence, there is no conflict in the trial court's entry that the credit card debt should be evenly split. The third assignment of error is overruled.
 {¶ 7} Finally, Bethany claims that the trial court erred in finding the money provided by her parents for the purchase of the house was a gift rather than a loan. A review of the record indicates that the trial court was given a copy of a signed gift letter from Bethany's parents to the bank indicating that the money was a gift and the parties had "no expectation or obligation on the applicant's part to repay" the money. Defendant's Ex. A. Despite testimony from Bethany and her mother to the contrary, the trial court's decision is supported by some *Page 8 
evidence. Therefore, the trial court did not abuse its discretion in finding the money to be a gift. The fourth assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Union County, Domestic Relations Division is affirmed in part and reversed in part. The matter is remanded to the trial court for determination of separate property interests and division of the property as mandated by R.C. 3105.17.1.
Judgment affirmed in part and reversed in part and causeremanded.
 ROGERS, P.J., and SHAW, J., concur.
[1] Interestingly, the trial court reached this conclusion after the parties had reached an agreement concerning the vehicles. The only issue remaining was that the parties asked the trial court to set a deadline for the refinancing of Cary's vehicle. Otherwise the parties clearly indicated that Bethany would keep her vehicle and the debt associated with it and Cary would keep his vehicle and refinance it in his name alone. Bethany agreed to sign off on her interest in Cary's vehicle as long as he agreed to refinance it within a time set by the trial court. *Page 1